IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HANNA REALTY LLC, d/b/a HERBIE'S HIDEAWAY AT CORNHUSKER LANES, JACOB HANNA, NICHOLAS HANNA, and TAMMY HANNA, <br><br> Defendants, | 7:19CV5008 <br><br> **ORDER TO SHOW CAUSE** |

Plaintiff filed this action on June 19, 2019. (Filing No. 1). On September 6, 2019, counsel for Plaintiff filed an "Affidavit of Service of Summons and Complaint" averring that the defendants were "duly served with process of Summons and Complaint in this action by FedEx." (Filing No. 7). The attached FedEx receipt shows a package was delivered on September 5, 2019, to "Hanna Realty LLC dba Herbie's" at an address in Ogallala, Nebraska. The FedEx receipt does not contain a signature and indicates that a signature "was not required." (Filing No. 7-1).

Federal Rule of Civil Procedure 4 provides that an individual or corporation may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made," which in this case are both Nebraska. See Fed. R. Civ. P. 4(e)(1)-(h)(1)(A). Plaintiff chose to serve the defendants by FedEx. Nebraska law permits service of an individual and corporation by "designated delivery service," which includes FedEx. See Neb. Rev. Stat. §§ 25-505.01(1)(d), 25-508.01(1) & 25-509.01; 26 U.S.C. 7502(f). However, under Nebraska law, designated delivery service requires the plaintiff to "obtain[] *a signed delivery receipt* showing to whom and where delivered and the date of delivery" and to file "with the court proof of service with a copy of the *signed delivery receipt attached*." Neb. Rev. Stat. § 25-505.01(1)(d)(emphasis added). "[A] signed delivery receipt includes an electronic or facsimile receipt *with an image of the recipient's signature*." Id. (emphasis added). Plaintiff's FedEx delivery receipt includes no such signature. As such, it appears the defendants have not been properly served with notice of this action under the Federal Rules or Nebraska law.

More than 90 days has elapsed since the Complaint was filed.  Plaintiff has not filed a return of service indicating proper service upon the defendants, a waiver of service has not been filed, and the defendants have not entered a voluntary appearance.  Fed. R. Civ. P. 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **November 18, 2019**, to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution.  The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 4th day of November, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge